UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GUIRLENE CHARLES JEAN BAPTISTE,

        Plaintiff,
v.

SUNRISE SENIOR LIVING SERVICES, INC.
D/B/A STRATFORD COURT OF BOCA RATON,

        Defendant.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, GUIRLENE CHARLES JEAN BAPTISTE, brings this action against Defendant, SUNRISE SENIOR LIVING SERVICES, INC. D/B/A STRATFORD COURT OF BOCA RATON, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff GUIRLENE CHARLES JEAN BAPTISTE was a resident of the State of Florida and "employee" of Defendant as defined by the FLSA.

3.    At all times material hereto, Defendant, SUNRISE SENIOR LIVING SERVICES, INC. D/B/A STRATFORD COURT OF BOCA RATON, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of management of assisted living facilities, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.      In justifiable reliance upon Defendant's representations and promises, Plaintiff GUIRLENE CHARLES JEAN BAPTISTE accepted employment and worked for Defendant as a certified nursing assistant.

5.      Pursuant to Plaintiff's employment, she was required to work overtime for which Plaintiff received no compensation from Defendant.

6.      Defendant did not pay Plaintiff GUIRLENE CHARLES JEAN BAPTISTE the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for each hour worked over 40 each week.

7.      The records, if any, concerning the date ranges of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff is in the possession and/or control of Defendant; however, Plaintiff GUIRLENE CHARLES JEAN BAPTISTE has attached a statement of claim as <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

8.      Defendant has knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

9.      Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

11. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-10 above as if set forth herein in full.

12. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff GUIRLENE CHARLES JEAN BAPTISTE demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedy as the Court deems just and appropriate.

    Respectfully submitted,

    Koz Law, P.A.
    320 S.E. 9th Street
    Fort Lauderdale, Florida 33316
    Phone: (786) 924-9929
    Fax:     (786) 358-6071
    Email: ekoz@kozlawfirm.com

    /s/ Elliot A. Kozolchyk
    _____
    Elliot Kozolchyk, Esq.
    Bar No.: 74791